IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

STEVEN SHELTON                          *

    Plaintiff,                        *

    v.                                *       2:07-CV-981-MHT
                                              (WO)
DILLARD'S DEPT. STORE, *et al.*,        *

    Defendants.                       *

_____


**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Montgomery County Detention Facility located in Montgomery, Alabama, files this 42 U.S.C. § 1983 action complaining that Defendant Michael Farrier subjected him to excessive force during an arrest. In addition to Defendant Farrier, Plaintiff names Dillard's Department Store and the Montgomery County Sheriff's Department as defendants. Upon review of the complaint, as amended, the court concludes that dismissal of Plaintiff's claims against Dillard's Department Store and the Montgomery County Sheriff's Department prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. Dillard's Department Store*

The Supreme Court has held that municipalities are "persons" within the scope of § 1983, and thus, subject to liability. A plaintiff, however, cannot rely upon the theory of *respondeat superior* to hold local government entities liable. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"). In *Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992), the Eleventh Circuit extended *Monell* to corporate defendants: a section 1983 plaintiff cannot hold a corporate entity liable on a theory of *respondeat superior*. *Id*. at 1129-30. Additionally, a plaintiff must demonstrate that the municipality was the "moving force" behind the injury, demonstrating both culpability and causation through the entity's policies. *See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997).

Here, Plaintiff complains that Dillard's Department Store acted negligently when it failed "to hire someone who would properly monitor and enforce[] policy," and therefore, it is "responsible for the conduct and unprofessional manner" exhibited by Defendant Farrier. (*Doc. No. 5 at 2*) (emphasis in original). The court, therefore, finds that Plaintiff does not allege the existence of a specific store custom or policy which could qualify as the moving force behind Defendant Farrier's alleged constitutional deprivations. *See Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). More specifically, Plaintiff does not

allege that Defendant Farrier acted pursuant to any specific store policy to harass or subject customers to excessive force. As a result, Plaintiff's complaint fails to articulate a theory under *Harvey* under which Dillard's Department Store may be held liable. Consequently, there's no legal basis on which Plaintiff's claims against this defendant may proceed and it is, therefore due to be dismissed. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*B. Montgomery County Sheriff's Department*

The Montgomery County Sheriff's Department is not a legal entity subject to suit or liability under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims for relief against this defendant are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Dillard's Department Store and the Montgomery County Sheriff's Department be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii);

2. Dillard's Department Store and the Montgomery County Sheriff's Department be DISMISSED as defendants to this complaint; and

3. This case with respect to the remaining defendant be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **6 February 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of January 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE